UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

WILLIAM H. MATTHEWS,

        Plaintiff,                         Case No. 2:10-cv-145

v.                                                  Honorable R. Allan Edgar

GREG McQUIGGIN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Greg McQuiggin and John Boynton. The Court will serve the complaint against Defendants Paul Hooten and Melody Chapin.

**Discussion**

I. Factual allegations

Plaintiff presently is incarcerated at Macomb Correctional Facility, but the events underlying his complaint occurred at Chippewa Correctional Facility (URF). In his *pro se* complaint, he sues the following URF employees: Warden Greg McQuiggin, Deputy Warden John Boynton, psychologist and Director of Outpatient Mental Health Services Paul Hooten, and case worker Melody Chapin. Plaintiff alleges that he sustained a closed head injury prior to his incarceration and the injury caused him to have mental health issues. He contends that Defendant Hooten refused to provide him with proper mental health treatment despite Plaintiff's many requests. (Compl., Page ID #3, docket #1.) He further claims that Defendant Chapin refused to include his medical records in his file and update his treatment plan with the result that Plaintiff did not receive appropriate mental health care. Last, Plaintiff asserts that Defendant McQuiggin and Boynton were responsible for ensuring that Michigan Department of Corrections (MDOC) Policies and Procedures were followed and that inmates were not deprived of medical care by staff.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants McQuiggin and Boynton

Plaintiff fails to make specific factual allegations against Defendants McQuiggin and Boynton, other than his claim that they failed to ensure staff complied with MDOC policy and provided mental health care to Plaintiff. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation

must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants McQuiggin and Boynton engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Defendants Hooten and Chapin

Plaintiff alleges that Defendants Hooten and Chapin knew of his need for medical care and prevented him from receiving any mental health treatment. The Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at *2 (6th Cir. April 26, 1985). Plaintiff's allegations against Defendants Hooten and Chapin are sufficient to state a claim for violations of Plaintiff's Eighth Amendment rights.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants McQuiggin and Boynton will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Hooten and Chapin.

An Order consistent with this Opinion will be entered.


Dated:      9/28/2010                              */s/ R. Allan Edgar*
                                                    R. Allan Edgar
                                                    United States District Judge