UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM H. MATTHEWS,

    Plaintiff,

v.                                          Case No. 2:10-cv-145
                                          HON. R. ALLAN EDGAR

GREGG MCQUIGGIN,
JOHN BOYNTON,
PAUL HOOTEN, and
MELODY CHAPIN,

    Defendants.
_____/

## MEMORANDUM AND ORDER

Plaintiff William H. Matthews, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brings this federal civil rights action under 42 U.S.C. § 1983 against defendants Greg McQuiggin, John Boynton, Paul Hooten, and Melody Chapin. On September 28, 2010, the Court dismissed the plaintiff's claims against defendants Greg McQuiggin and John Boynton. [Court Doc. No. 7].

Defendant Paul Hooten moves for summary judgment pursuant to Fed. R. Civ. P. 56. [Court Doc. No. 11]. On August 29, 2011, Magistrate Judge Timothy P. Greeley submitted his report and recommendation. [Court Doc. No. 37]. The Magistrate Judge recommends that defendant Hooten's the motion for summary judgment be granted. Because the plaintiff's claims against defendant Melody Chapin are the same as the plaintiff's claims against defendant Paul Hooten, it is further recommended that summary judgment be granted *sua sponte* in favor of defendant Melody Chapin. In sum, it is recommended that this civil action be dismissed in its entirety.

The parties have not timely filed any objections to the report and recommendation. After

1

reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  The motion by defendant Paul Hooten for summary judgment [Court Doc. No.11] is **GRANTED**.  Summary judgment is **GRANTED** *sua sponte* in favor of defendant Melody Chapin.  The plaintiff's entire complaint shall be **DISMISSED WITH PREJUDICE** as to all claims against all defendants.

For the reasons expressed in the report and recommendation, the Court finds that any appeal by plaintiff Matthews from the decision and judgment in this case would be frivolous and not taken in good faith.  *McGore v. Wrigglesworth*, 114 F. 3d 601, 611 (6th Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(4)(B), the Court **CERTIFIES** that any appeal by plaintiff Matthews from the judgment of this District Court would not be taken in good faith.

In the event that plaintiff Matthews takes an appeal to the Sixth Circuit Court of Appeals, this Court shall assess and require him to pay the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless he is barred from proceeding *in forma pauperis* by the "three strikes" rule in 28 U.S.C. 1915(g).  If the plaintiff is barred by the "three strikes" rule in 28 U.S.C. 1915(g), then he shall be required to pay the $455 appellate filing fee in one lump sum.

A separate judgment will be entered.

SO ORDERED

Dated: September 20, 2011.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE